UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE N. ALLEN,<br><br>  Plaintiff,<br><br>  v.<br><br>BRANDON PRICE, et al.,<br><br>  Defendants. | 1:22-cv-01547-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Plaintiff George N. Allen is a civil detainee proceeding *pro se* and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT BACKGROUND**

Plaintiff filed his complaint on December 1, 2022. (Doc. 1.) On May 23, 2023, the Court issued its First Screening Order. (Doc. 7.) Specifically, the undersigned found Plaintiff had alleged plausible due process and equal protection violations against Defendant Price, as well as a state law violation asserted against Defendant Price, but that Plaintiff had failed to state any other cognizable claim against any other defendant. (*Id*. at 6-18.) As a result, Plaintiff was ordered to take one of the following actions within 21 days: (1) notify the Court in writing that he did not wish to file a first amended complaint and was willing to proceed only on the claims found

1

cognizable by the court, *or* (2) file a first amended complaint curing the deficiencies identified in the screening order, *or* (3) file a notice of voluntary dismissal. More than 21 days have passed, and Plaintiff has failed to comply with the Court's screening order or otherwise contact the Court.

## II.   DISCUSSION

### A. Legal Standard

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

Here, Plaintiff has failed to file a first amended complaint or, alternatively, a notice of voluntary dismissal. Nor has he filed notice that he did not wish to file an amended complaint and wished to proceed only on those claims found cognizable by the Court. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, the Court's First Screening Order directed Plaintiff to select one of three options within 21 days of May 25, 2023: (1) to notify the Court he did not want to file a first amended complaint and instead wished to proceed against Defendant Price on the three claims found cognizable by the Court, (2) to file a first amended complaint, *or* (3) to file a notice of voluntary dismissal. (*See* Doc. 7 at 18-19.) Because Plaintiff has failed to comply with the screening order, his inaction amounts to an unreasonable delay in prosecuting this case resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to file a first amended complaint or a notice of voluntary dismissal or notice that he wished to proceed on his cognizable claims, Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. The Court's May 25, 2023 screening order expressly warned Plaintiff as follows: "**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed, without prejudice, for a failure to obey a court order and failure to prosecute.**" (Doc. 7 at 19, emphasis in original.) Additionally, Plaintiff was previously warned of the potential for dismissal for a failure to obey court orders in this Court's First Informational Order In Prisoner/Civil Detainee Civil Rights Case, issued December 5, 2022, to wit: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ('Fed. R. Civ. P.'), and the

Local Rules of the United States District Court, Eastern District of California ('Local Rules'), as modified by this Order. Failure to comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 3 at 1.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

### III.   CONCLUSION, ORDER AND RECOMMENDATIONS

The Clerk of the Court is **DIRECTED** to assign a district judge to this action.

Further, for the reasons given above, the undersigned **RECOMMENDS** that this action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 29, 2023**

UNITED STATES MAGISTRATE JUDGE